CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
August 18, 2026
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| Crystal Allman | ) | |
| and | ) | |
| Gary Allman, | ) | |
| Plaintiffs, | ) | Civil Action No. 5:26-cv-00006 |
| v. | ) | |
| Juliet[1] Bates, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

*Pro se* plaintiffs Crystal Allman and Gary Allman ("the Allmans") bring this suit against Juliet Bates, who acted as a court-appointed guardian *ad litem* for the Allmans' children in state child custody proceedings. (Compl. (Dkt. 1).) The Allmans also applied for leave to proceed *in forma pauperis*. (Dkt. 2.) The court will grant the motion for leave to proceed *in forma pauperis* but dismiss the Allmans' complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

### I. Background

The Allmans allege that Bates "deliberate[ly] abandon[ed]" her duty as a guardian *ad litem* and "depriv[ed] the Court of truth and Plaintiffs of fundamental rights" during her representation of the Allmans' children in custody proceedings. (Compl. at 1.) According to

[1] Plaintiffs filed a "First Amended Complaint," (Dkt. 5), which clarifies that Defendant's first name is spelled "Juliet" and otherwise incorporates the entirety of the original complaint as written. The court will construe this filing as a request to correct the error in Defendant's name, will use the corrected spelling, and will otherwise refer to Plaintiffs' original complaint, (Dkt. 1), in its analysis.

the Allmans, Bates told the court in May 2025 that "the children wanted the judge to know they were ready to come home"; that "the children loved their mother very much"; and that Bates "believed reunification with their mother was in the children's best interests." (*Id.* at 2.) In the months that followed, Bates was told that the children "arrived for visits dirty and unkempt"; that "foster parents were using drugs in the presence of the children"; and that a foster care worker lied to the children, told them not to tell anyone about the foster care conditions, and forced them to interact with their biological fathers against their will. (*Id.* at 2–3.) Bates took no meaningful action to intervene or report these concerns to the court. (*Id.* at 3.) At the end of July 2025, Bates told the court that she believed—and had believed "from day one"—that adoption was in the children's best interests. (*Id.*) The Allmans allege that this unexplained "reversal" constitutionally harmed the Allmans and "interfered with the Court's truth-finding function" by "depriv[ing] [the court] of material information necessary for a fair and lawful decision." (*Id.*)

The Allmans filed a complaint in this court on January 15, 2026. (Compl.) They allege due process violations under 42 U.S.C. § 1983 (Count I); violations of the Americans with Disabilities Act ("ADA") (Count II); and "Professional Misconduct Under Color of State Law" (Count III). (Compl. at 3–4.) They seek declaratory, injunctive, and monetary relief. (*Id.* at 4.)

## II. Standard of Review

The court must dismiss a complaint filed *in forma pauperis* at any time the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). A

complaint fails to state a claim when the well-pleaded allegations, accepted as true, do not "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The court must construe *pro se* complaints liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but a plaintiff still must plead facts sufficient to state a right to relief that is cognizable and plausible on its face, *see Iqbal*, 566 U.S. at 678. At this stage, "bare assertions devoid of further factual enhancement fail to constitute well-pled facts." *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

## III. Analysis

As an initial matter, to be liable under 42 U.S.C. § 1983, a defendant "must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that [she] is engaged in the state's actions." *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999). Count I fails because Bates, who was acting as a guardian *ad litem*, is not a state actor, nor does she have a sufficiently close relationship with state actors. Additionally, Bates is entitled to quasi-judicial immunity from suits under 42 U.S.C. § 1983 for her actions taken as a guardian *ad litem*. Like prosecutors and judges, guardians *ad litem* are afforded quasi-judicial

immunity from § 1983 actions if their acts are "within the judicial process." *Fleming v. Asbill*, 42 F.3d 886, 889 (4th Cir. 1994); *see Bailey v. Ritchie*, No. 5:25-cv-00141, 2026 WL 210416, at *4 (W.D. Va. Jan. 27, 2026) (collecting cases). Here, all of Bates's alleged misconduct occurred while she was acting as a court-appointed guardian *ad litem* in connection with the Allmans' child custody proceedings, like her in-court statements or inaction after she learned information in her capacity as a guardian *ad litem*. (*See generally* Compl. at 2–4.) Thus, even assuming *arguendo* that Bates engaged in some type of "misfeasance of [her] duties" as alleged, she would be afforded absolute quasi-judicial immunity for that conduct. *Fleming*, 42 F.3d at 889 ("Even if [Defendant guardian *ad litem*] lied to the judge in open court, she was still acting as the guardian, and is immune from § 1983 liability."). The Allmans' § 1983 claim therefore must fail, and the court will dismiss Count I.

Count II also fails because Bates cannot be sued under the ADA as a private individual. "Title II of the ADA recognizes a cause of action for discrimination against public entities, not against private individuals." *Farabee v. Gardella*, No. 7:16-cv-00326, 2018 WL 406254, at *10 (W.D. Va. Jan. 12, 2018) (citing *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 471 (4th Cir. 1999)). Further, the Allmans do not allege that Bates was acting on behalf of a public entity or as a state actor for purposes of the ADA. Even if Bates could be sued under the ADA, which she cannot as a private individual, the Allmans fail to state a claim. A plaintiff seeking recovery under the ADA must "allege that (1) she has a disability, (2) she is otherwise qualified to receive the benefits of a public service, program, or activity, and (3) she was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of her disability." *Constantine v. Rector & Visitors of George*

*Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005). The Allmans fail to adequately allege which disability Crystal has and how that impairment substantially limits one or more major life activities, why she was otherwise entitled to certain public benefits, or how she was excluded from participation in or denied the benefits of any service because of her disability. The Allmans' vague allegations—including that Bates "failed to meaningfully incorporate or disclose [ADA] protections in her advocacy" and that she "allowed proceedings to continue in a manner that excluded, disadvantaged, and stigmatized Plaintiffs" and "contributed to discriminatory outcomes," (Compl. at 2, 4)—are devoid of details and do not suffice to state a claim. Accordingly, the court will dismiss Count II.

Finally, Count III fails because the court cannot discern a proper cause of action. The Allmans allege that Bates committed "Professional Misconduct Under Color of State Law" because she "abandoned independent advocacy and aligned with foster-care interests despite contrary evidence." (Compl. at 4.) As discussed above, Bates is immune from § 1983 claims—which must allege misconduct "under color of state law"—for her actions taken as a guardian *ad litem* in connection with the Allmans' child custody proceedings. The complaint simply does not contain sufficient facts for the court to discern what claim Plaintiffs are trying to bring under Count III. Accordingly, the court will dismiss Count III.

The Allmans' application for leave to proceed *in forma pauperis*, (Dkt. 2), is **GRANTED**. For the above reasons, Counts I and II of the Allmans' complaint are **DISMISSED with prejudice**, as amendments cannot cure the defects in those claims. Count III is **DISMISSED without prejudice**, given the uncertain nature of the Allmans' claim. All other pending motions are therefore **DENIED as moot**.

The Clerk is directed to close the case and to send a copy of this Memorandum Opinion and Order to the Allmans.

**IT IS SO ORDERED.**

**ENTERED** this 18th day of August, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE